Ruben MARTINEZ, Appellant,

v.

**HARRIS COUNTY, Appellee.**

No. 01–90–00723–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 18, 1991.

Rehearing Denied May 9, 1991.

Donald Burger, Houston, for appellant.

Frank M. Sanders, Asst. County Atty., for appellee.

Before O'CONNOR and COHEN, JJ., and GERALD T. BISSETT,[1] Assigned Justice.

## OPINION

O'CONNOR, Justice.

The question presented here is: Does the recreational use statute apply to governmental entities? We hold it does and we affirm the summary judgment in favor of Harris County.

Ruben Martinez sued Harris County for personal injuries, alleging the County negligently installed a swing in one of its parks. In April of 1989, as Martinez was swinging on a swing-set at Sylvan Beach Park, he was hurt when the swing became unhooked from the chain. Martinez alleged the County did not properly squeeze shut the "S" hook that attaches the swing to the chain.

The trial court, relying on the recreational use statute in chapter 75 of the Texas Civil Practice and Remedies Code, which limits the landowner's liability, granted Harris County's motion for summary judgement. Chapter 75 provides:

> If an owner, lessee, or occupant of real property gives permission to another to enter the premises for recreation, the owner, lessee, or occupant, by giving the permission, does not:
>
> (1) assure that the premises are safe for that purpose;
>
> (2) owe to the person to whom permission is granted a greater degree of care than is owed to a trespasser on the premises; or
>
> (3) assume responsibility or incur liability for any injury to any individual or property caused by any act of the person to whom permission is granted.

TEX.CIV.PRAC. & REM. CODE ANN. § 75.002(c) (Vernon Supp.1991).

---

1. The Honorable Gerald T. Bissett, Retired Justice, Court of Appeals, Thirteenth District of Texas at Corpus Christi, sitting by assignment.

In a summary judgment case, the movant for summary judgment has the burden of showing that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management*, 690 S.W.2d 546, 548 (Tex. 1985).

### 1. Swinging is not a recreational activity

■ In point of error one, Martinez claims the trial court erred in granting Harris County's motion for summary judgment because swinging is not a "recreational activity" as that term is defined by chapter 75. Thus, Martinez argues, the County cannot take advantage of the recreational use statute. The statute defines "recreation" as

> an activity such as hunting, fishing, swimming, boating, camping, picnicking, hiking, pleasure driving, nature study, and waterskiing and other water sports.

TEX.CIV.PRAC. & REM.CODE ANN. § 75.001(3) (Vernon Supp.1991). Martinez contends the list in § 75.001(2) is exclusive, and therefore, the County, as the landowner, may be sued for injuries arising from any activities not included in the list.

The statute provides that "activities *such as*" those listed are considered "recreation" for purposes of chapter 75. Under the *ejusdem generis* rule, which means "of the same kind," we are to construe the general words in the statute as applying to things of the same kind or class as those specifically enumerated. *Harris County v. Eaton*, 573 S.W.2d 177, 179 (Tex.1978). *Ejusdem generis* is a canon of construction that provides when general words follow the enumeration of things of a specific meaning, the general words will be construed as applying only to things of the same general class as those enumerated. 2A C. SANDS, SUTHERLAND'S STATUTES AND STATUTORY CONSTRUCTION § 47.17 (4th ed. 1973). The examples included in the statute are not exclusive and do not exhaust the class. *See Eaton*, 573 S.W.2d at 179.

Chapter 75 was enacted to encourage landowners to allow the public to enjoy outdoor activities on the land by limiting their liability for injuries arising from these activities. *Tarrant County Water Control & Improvement Dist. v. Crossland*, 781 S.W.2d 427, 437 (Tex.App.—Fort Worth 1989, no writ). In light of the general wording of the Texas statute and the purpose of the statute, swinging is a recreational activity contemplated under chapter 75.

When a similar challenge was made to an Iowa recreational use statute that limited the liability of landowners who open their property to the public for recreational activities, the United States court of appeals held that the statute was valid against a plaintiff who sued for injuries sustained on a swing-set. *Hegg v. United States*, 817 F.2d 1328, 1330 (8th Cir.1987). The Iowa statute defined "recreational purpose" as

> the following or any combination thereof: Hunting, horseback riding, fishing, swimming, boating, camping, picnicking, hiking, pleasure driving, motorcycling, nature study, water skiing, snowmobiling, other summer and winter sports, and viewing or enjoying sites while going to and from or actually engaged therein.

IOWA CODE ANN. § 111C.2(3) (West 1984). The appellate court upheld the district court's ruling that the list in the statute was intended to be illustrative only, not exclusive, and that "in view of the general purposes of the statute and the popular and reasonable understanding of the meaning of the term 'recreational purpose,' swinging fell within that definition." *Hegg*, 817 F.2d at 1330.

We overrule point of error one.

### 2. Swinging exclusion is not contemplated by statute

■ In point of error two, Martinez claims the trial court erred in granting the summary judgment, because swinging on a swing is not the kind of recreational activity contemplated by the legislature. He argues that chapter 75 carves a narrow exception to normal landowner liability law.

Martinez attempts to distinguish swinging on a swing from those activities listed in § 75.001(3), in that the listed activities are ones that a visitor can do without any aid or assistance from the landowner. He points out that all the listed recreational activities do not require the landowner to

provide equipment or to change the condition of the property. He argues that the legislative intent of the statute was not to penalize a landowner who allows the listed activities when the land's primary purpose is for some other use. Martinez contends that by changing the nature of the land by erecting playground equipment, Harris County, as the landowner of Sylvan Beach Park, falls outside the protection of the statute. The County, he claims, should not be allowed to change the land so that people are lured onto it for recreation, and then be immune from the negligent operation of its recreational equipment.

The statute specifically defines "premises" as including "buildings, structures, machinery, and equipment attached or located on the land, road, water, watercourse, or private way." TEX.CIV.PRAC. & REM.CODE ANN. § 75.001(2) (Vernon Supp.1991). Playground equipment falls within the definition of "premises."

Further, as stated above, the purpose of the statute is to encourage landowners to open their property to the public for enjoyment of recreational activities. A reasonable meaning of "recreation" would include the activity of swinging on a swing-set provided for public use.

We overrule point of error two.

### 3. Constitutional violations

■ In point of error three, Martinez contends that chapter 75 violates the equal protection clauses of the Texas Constitution and the United States Constitution. The Texas Constitution provides: "All free men ... have equal rights, and no man, or set of men, is entitled to exclusive separate public emoluments, or privileges, but in consideration of public services." TEX. CONST. art. I, § 3. The United States Constitution provides: "No State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. Martinez argues the Texas Civil Practice and Remedies Code § 75.001(3) creates different classes of plaintiffs that are treated differently under the law, namely, that people engaging in recreational activities have no remedy for landowner negligence.

In support of this point of error, Martinez relies on *Whitworth v. Bynum,* 699 S.W.2d 194 (Tex.1985). In *Whitworth,* the Texas Supreme Court analyzed the constitutionality of the Texas automobile guest statute. *Id.* at 195. That statute denied a passenger, who was a relative of the host driver, the right to sue the driver for injuries, death, or loss, in case of an accident resulting from the driver's negligence. TEX.REV.CIV.STAT.ANN. art. 6701b (Vernon 1977). The Texas Supreme Court held the statute unconstitutional, finding the classification drawn by the statute was not "rationally related to a legitimate State interest." *Whitworth,* 699 S.W.2d at 197. Plaintiff argues that as in *Whitworth,* there is no rational basis between a legitimate State interest and the classifications drawn in the statute. Here, he claims there are two classifications: people engaged in the recreational activities enumerated in chapter 75, and those engaged in other activities on a landowner's property.

When we review the constitutionality of a statute, we presume that it is valid. *Spring Branch Indep. School Dist. v. Stamos,* 695 S.W.2d 556, 558 (Tex.1985). Equal protection questions involve inquiry into three subjects: the character of the classification; the individual interests affected by classification; and the governmental interest asserted in support of the classification. *Houston Chronicle Publishing Co. v. City of Houston,* 620 S.W.2d 833, 838 (Tex.App.—Houston [14th Dist.] 1981, no writ). If interests other than fundamental rights are affected, the classification must be rationally related to a legitimate state interest. *Sullivan v. University Interscholastic League,* 616 S.W.2d 170, 172 (Tex.1981) (challenge under the United States constitutional equal protection provision); *Houston Chronicle Publishing Co.,* 620 S.W.2d at 838 (challenge under the Texas constitutional equal protection provision). Martinez is not alleging a violation of a fundamental right; therefore, we apply the rational basis test here.

Chapter 75 was enacted for the "salutary purpose of encouraging landowners to allow the public to enjoy outdoor recreation

on the landowner's property by limiting the liability of the landowner for personal injury which often results from vigorous outdoor activities." *Tarrant County Water Control & Improvement Dist.*, 781 S.W.2d at 437. The statute provides landowners with a limitation on their liability in exchange for opening their land to the public for recreational activities.

In other states, statutes like chapter 75, enacted for similar purposes, have been upheld against federal and state equal protection challenges. *Harlan v. Frazier*, 635 F.Supp. 718, 724 (W.D.La.1986), *aff'd*, 811 F.2d 601 (5th Cir.1987) (Louisiana statute); *Sublett v. United States*, 688 S.W.2d 328, 329 (Ky.1985) (Kentucky statute); *Reed v. United States*, 604 F.Supp. 1253, 1265 (N.D.Ind.1984) (Indiana statute); *Simpson v. United States*, 652 F.2d 831, 833–34 (9th Cir.1981) (California statute); *Moss v. Department of Natural Resources*, 62 Ohio St.2d 138, 404 N.E.2d 742, 745 (1980) (Ohio statute).

Chapter 75 bears a rational relationship to a legitimate state interest. The classification, therefore, is reasonable and the statute withstands the equal protection challenge.

We overrule point of error three.

### 4. Violation of the open courts provision

In point of error four, Martinez contends chapter 75 violates the open courts provision of the Texas Constitution. The constitution provides: "All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." TEX. CONST. art. I, § 13.

In *Sax v. Votteler*, 648 S.W.2d 661, 665 (Tex.1983), the Texas Supreme Court restated the test for analyzing violations of the open courts-due process provision: A statute that unreasonably abridges a justiciable right to obtain redress for injuries caused by the wrongful acts of another amounts to a denial of due process under article I, section 13, and is therefore, void. The court held that a statute is constitutional if "the legislative basis for the statute outweighs the denial of the constitutionally-guaranteed right of redress." *Id.* at 665–66.

In our analysis, we must first consider the purpose of the statute. *Sax*, 648 S.W.2d at 666. The purpose of chapter 75 is to limit liability of landowners when the landowner allows the public to use the property for recreational purposes. *Tarrant County Water Control and Improvement Dist.*, 781 S.W.2d at 437.

Second, in order for the open courts analysis to apply, there must be some abrogation of a litigant's right to bring a cause of action, either common law or statutory. *Sax*, 648 S.W.2d at 666. Martinez must show that he had a cause of action that is restricted by the recreational use statute, and that the restriction is unreasonable or arbitrary when balanced against the purpose and basis of the statute. *Sax*, 648 S.W.2d at 666.

Martinez did not have a common-law cause of action for a suit against Harris County; he only had a right to sue the County under the Texas Tort Claims Act. Under the common-law doctrine of sovereign immunity, the State and its political subdivisions, which includes counties, may not be held liable for torts absent a statutory provision creating such liability. *State v. Terrell*, 588 S.W.2d 784, 785 (Tex. 1979); *Wheat v. Texas Dept. of Corrections*, 715 S.W.2d 362, 363 (Tex.App.— Houston [1st Dist.] 1986, writ ref'd n.r.e.); TEX.CIV.PRAC. & REM.CODE ANN. § 101.001 et seq. (Vernon 1986 & Supp.1991). The Texas Tort Claims Act provides the exception to the doctrine of sovereign immunity for counties. *Id.* Thus, Martinez's remedy is not rooted in the common law, but is statutorily created. Because he cannot establish he had a cognizable cause of action that was restricted by chapter 75, he has failed to show a violation of the open courts provision of the constitution.

Other jurisdictions have held that statutes similar to chapter 75 did not violate the open courts provisions of those states. *Harlan*, 635 F.Supp. at 725; *Genco v. Connecticut Light & Power Co.*, 7 Conn.App. 164, 508 A.2d 58, 63 (1986); *Sublett*, 688

S.W.2d 328, 329 (Ky.1985); *Abdin v. Fischer*, 374 So.2d 1379, 1380 (Fla.1979).

We overrule point of error four.