Arnold KOPPLIN and wife, Myra Kopplin, Individually and as Next Friends of Justin Kopplin, a Minor, Appellants,

v.

CITY OF GARLAND, Appellee.

No. 05–93–00140–CV.

Court of Appeals of Texas, Dallas.

Oct. 26, 1993.

Rehearings Denied Dec. 1 and Dec. 15, 1993.

---

H.K. Wasoff, Jr., Richard W. Favaloro, Dallas, for appellants.

Scott A. Barber, Alan C. Wayland, Garland, for appellee.

Before BAKER, CHAPMAN and WHITTINGTON, JJ.

1. The Kopplins have settled their claims against other parties sued. This appeal concerns only

## OPINION

BAKER, Justice.

The trial court granted the City's motion for summary judgment on all the Kopplins' claims. These claims are for injuries their minor son suffered at a City playground. The Kopplins contend the trial court erred by granting the summary judgment. The Kopplins contend the trial court's application of the law to the facts of this case violates the open court's doctrine. They assert the trial court applied the wrong statutory liability to their premises defect claim. They claim the City's motion for summary judgment did not cover their claim of use or misuse of tangible personal property. Finally, the Kopplins assert the doctrine of attractive nuisance applies.

We conclude the trial court improperly granted the City summary judgment on the Kopplins' premises defect claim. We affirm the trial court's judgment on the Kopplins' claims for ordinary negligence, use or misuse of tangible personal property, and attractive nuisance. We reverse the trial court's judgment on the Kopplins' premises defect claim. We remand the cause for further proceedings on the premises defect claim.

## THE PLEADINGS

Arnold and Myra Kopplin sued the City[1] for themselves and their minor son, Justin. The Kopplins base their suit on personal injuries Justin allegedly sustained while playing on playground equipment at Lottie Watson Park in Garland, Texas. The Kopplins' petition claims Justin was playing on a track ride and fell from the ride onto cushioning material (pine bark mulch) causing injury.

The Kopplins alleged three causes of action against the City: (1) ordinary negligence, (2) premises liability, and (3) attractive nuisance. The Kopplins claim the City did not exercise ordinary care in use of the track ride. They claim the city did not provide appropriate safety features or adequate warnings and instruction for the ride. The

the claims they brought against the City of Garland.

petition also alleges ordinary negligence because the City did not maintain and use adequate cushioning material.

The Kopplins claim the track ride and cushioning material, as used or maintained, created a dangerous condition at the park. The City, in the Kopplins' estimation, did not make safe or warn of the condition. The Kopplins also allege the City knew or should have known of the dangerous condition. The Kopplins state they did not have previous knowledge of the condition. Finally, they allege the track ride was an attractive nuisance. The petition did not allege the City acted willfully, wantonly, or with gross negligence.

The City moved for summary judgment on all the Kopplins' causes of action. The City's motion alleged as grounds: (1) the City did not owe a duty to warrant the recreational equipment was safe; and (2) the City owed a duty to the Kopplins "as trespassers, or at best licensees." The trial court granted the City's motion. The trial court did not specify in the order on which ground it sustained the City's summary judgment motion.

## THE POINTS OF ERROR AND CROSS POINT

The Kopplins complain the trial court erred in granting the City's motion on the claims of: (1) ordinary negligence; (2) premise liability; (3) negligence, premise liability, and attractive nuisance under the Tort Claims Act; and (4) attractive nuisance. The City includes a cross point on appeal that the Kopplins appealed only for delay and expense. The City requests this court to tax costs against the Kopplins.

## STANDARD OF REVIEW

The Texas Supreme Court has set the standards we apply in reviewing a trial court's grant of a summary judgment. As mandated by that court, they are:

1. The movant for summary judgment has the burden of showing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, we must take evidence favorable to the nonmovant as true.

3. We must indulge every reasonable inference in favor of the nonmovant and resolve any doubts in its favor.

*See Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

The summary judgment rule does not provide for a trial by deposition or affidavit. The rule provides a method of summarily ending a case that involves only a question of law or no genuine fact. *See Gaines v. Hamman,* 163 Tex. 618, 358 S.W.2d 557, 563 (1962). The trial court's duty is to determine if there are any fact issues to try. The trial court should not weigh the evidence or determine its credibility. The rule does not permit the trial court to try the case on affidavits. *Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929, 931 (1952). The purpose of the summary judgment rule is to dispose of patently unmeritorious claims or untenable defenses. The supreme court did not intend the rule to deprive litigants of their right to a hearing on the merits of any real issue of fact. *See Gulbenkian,* 252 S.W.2d at 931.

A movant must show its entitlement to summary judgment on the issues expressly presented to the trial court. A movant shows its entitlement by conclusively proving all essential elements of its cause of action or defense as a matter of law. *See Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972). The trial court may not grant summary judgment by default. When the movant's summary judgment is legally insufficient, the law does not require the nonmovant to respond. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979).

A defendant moving for a summary judgment must, as a matter of law, disprove an essential element of the plaintiff's cause of action or establish all elements of its defense. *See Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970); *Pinckley v. Gallegos,* 740 S.W.2d 529, 531 (Tex.App.— San Antonio 1987, writ denied).

A nonmovant need not respond to a motion for summary judgment to contend on appeal that the grounds expressly presented by the movant's motion are inadequate as a

matter of law to support summary judgment. However, the nonmovant may not raise any other issues as grounds for reversal. *City of Houston,* 589 S.W.2d at 678.

■ Except to attack the legal sufficiency of the grounds for summary judgment, the nonmovant must expressly present to the trial court any reason for avoiding the movant's entitlement to summary judgment. When necessary the nonmovant must present summary judgment proof to show a fact issue that would defeat the movant's right to summary judgment. If a nonmovant fails to do so, he may not later assign that as appellate error. TEX.R.CIV.P. 166a(c); *City of Houston,* 589 S.W.2d at 678–79.

## THE SUMMARY JUDGMENT EVIDENCE

### A. The City's Evidence

The City based its motion on the pleadings, an excerpt from Myra Kopplin's deposition, and *Martinez v. Harris County,* 808 S.W.2d 257 (Tex.App.—Houston [1st Dist.] 1991, writ denied). Myra Kopplin's deposition reflects she watched Justin play on the track ride. He played on it several times before he fell. Justin was between one and two feet off the ground when on the track ride. He was jumping off a platform trying to grab a ring and slide across the ride. She left the area because her daughter had to go to the rest room. Justin fell, landing on the cushioning material. She said they entered the park without paying a fee. She said the City embedded the track ride in the soil.

The *Martinez* case holds the common law did not recognize a cause of action against a county for its proprietary functions. Therefore, the plaintiffs did not have a claim that Chapter 75 of the Texas Civil Practice and Remedies Code would restrict. In *Martinez,* the court concluded the case did not implicate the open courts doctrine. *See Martinez,* 808 S.W.2d at 261.

After the Kopplins responded to the motion, the City filed a rejoinder to the responses. The City included argument in support of summary judgment on the attractive nuisance claim. The City did not file any additional materials to support its rejoinder.

### B. The Kopplins' Evidence

The Kopplins based their first response on the pleadings, excerpts from Myra and Arnold Kopplin's depositions, photographs of the track ride, and the *Martinez* case. Myra Kopplin's deposition reflects the accident occurred at Lottie Watson Park. The park is within two miles of their house. She was unsure whether Justin had problems on the track ride before the day of his injury. She thought the City did not properly maintain the cushioning material. Arnold Kopplin's deposition reflects he thought the track ride was attractive to children.

The Kopplins filed a supplemental response to the City's motion. The supplemental response included, in addition to the material with the previous response, an affidavit from Morris Hes. The Kopplins submitted Mr. Hes as an expert on playground equipment. He believes the track ride was attractive to children and that the City did not properly maintain the cushioning material. The supplemental response included additional photographs of the cushioning material.

## THE BASIS FOR THE CITY'S LIABILITY

The Kopplins' petition alleged causes of action against the City for ordinary negligence based on three legal theories: (1) the use or misuse of tangible personal or real property; (2) premises defect; and (3) attractive nuisance. The Kopplins do not allege any claims of willful, wanton conduct or gross negligence against the City.

### A. Condition or Use of Tangible Personal or Real Property

The Texas Tort Claims Act[2] provides for the City's liability to an individual for personal injury when a condition or use of tangible personal or real property causes the injury. The Act imposes liability on the City to the

---

2. TEX.CIV.PRAC. & REM.CODE ANN. § 101.001–101.109 (Vernon 1986). Unless otherwise noted, any future reference to "the Act" refers to these sections of the Code.

same extent a private person is liable according to Texas law. *See* Tex.Civ.Prac. & Rem. Code Ann. § 101.021(2) (Vernon 1986).

■ Section 75.002 of the Texas Civil Practice and Remedies Code sets the standard of care applicable to section 101.021(2). Section 75.002 provides that an owner of real property who allows another to enter his premises for recreation does not owe that person a greater degree of care than he owes a trespasser. *See* Tex.Civ.Prac. & Rem.Code Ann. § 75.002(2) (Vernon 1986). A landowner owes a trespasser the legal duty not to injure him willfully, wantonly, or through gross negligence. *See Spencer v. City of Dallas,* 819 S.W.2d 612, 617 (Tex.App.—Dallas 1991, no writ); *Weaver v. KFC Management, Inc.,* 750 S.W.2d 24, 26 (Tex.App.—Dallas 1988, writ denied).

### B. Premises Defect

■ In a premise defect claim, the City owes the Kopplins only the duty that a private person owes a licensee on private property. *See* Tex.Civ.Prac. & Rem.Code Ann. § 101.022(a) (Vernon 1986).

■ A landowner owes a duty to a licensee not to injure him willfully, wantonly, or through gross negligence. *Spencer,* 819 S.W.2d at 617; *Garcia v. State,* 817 S.W.2d 741, 742 (Tex.App.—San Antonio 1991, writ denied); *Weaver,* 750 S.W.2d at 26. An exception to this rule occurs when an owner knows of a dangerous condition and the licensee does not. Under the exception, the owner's duty is to either warn the licensee of the dangerous condition or make the condition reasonably safe. *Lower Neches Valley Auth. v. Murphy,* 536 S.W.2d 561, 562 (Tex.1976); *State v. Tennison,* 509 S.W.2d 560, 562 (Tex. 1974).

### C. Attractive Nuisance

A landowner may be liable for ordinary negligence under the doctrine of attractive nuisance. Liability depends on whether the injured party was of tender years, had childish impulses to which the place or thing in question appealed so as to justify the conclusion that the landowner should have known or foreseen the place or thing would attract the child. *See Wimberly v. Gulf Prod. Co.,* 274 S.W. 986, 987 (Tex.Civ.App.—Galveston 1925, no writ).

■ To recover under the doctrine of attractive nuisance, the claimant must show:

(1) the place where the condition was maintained was one upon which the possessor knew or should have known that small children would likely frequent the place and play about it;

(2) the condition was one of which the possessor knew, or should have known, involved unreasonable risk of death or serious bodily harm to such children;

(3) the child, because of its tender years, did not realize the risk involved in exposing itself to the condition; and

(4) the utility, if any, to the possessor of eliminating the condition was slight as compared to the probability of injury.

*See Massie v. Copeland,* 149 Tex. 319, 233 S.W.2d 449, 451–52 (1950); *Banker v. McLaughlin,* 146 Tex. 434, 208 S.W.2d 843, 847 (1948).

■ When a plaintiff asserts attractive nuisance doctrine, the trial court must decide if the child is of such tender years and immaturity that the court should extend to him the doctrine's protection as against the particular condition or danger. *Massie,* 233 S.W.2d at 454; *Jannette v. Deprez,* 701 S.W.2d 56, 60 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). This determination is not a factual one but is a question of law for the trial court's decision. *Massie,* 233 S.W.2d at 454; *Jannette,* 701 S.W.2d at 60. We should apply the doctrine with caution. *Massie,* 233 S.W.2d at 454.

### THE KOPPLINS' CLAIMS

### A. The Open Courts Doctrine

The Kopplins argue the application of Chapter 75 of the Texas Civil Practice and Remedies Code to this case is an unreasonable or arbitrary restriction of their common law right against the City. They contend the restriction is arbitrary or unreasonable when balanced against the purpose of Chapter 75.

The open courts provision of the Texas Constitution provides:

All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law.

TEX. CONST. art. I, § 13 (Vernon 1984).

 We analyze claims of violation of the open courts provision under a two prong test. First, the claimant must show he has a cognizable common law cause of action restricted by the statute. Second, the claimant must show that, when balanced against the statute's purpose and basis, the restriction is arbitrary or unreasonable. *See Sax v. Votteler,* 648 S.W.2d 661, 665 (Tex.1983); *Waters v. Del–Ky, Inc.,* 844 S.W.2d 250, 257 (Tex. App.—Dallas 1992, n.w.h.).

Historically, a municipality's operation of a park was a proprietary function for which the municipality would be liable in tort. *See Dancer v. City of Houston,* 384 S.W.2d 340, 342 (Tex.1964). The Texas Supreme Court carved out this exception to governmental immunity in the early case of *City of Galveston v. Posnainski,* 62 Tex. 118, 125–127 (1884).

A recent amendment by the legislature to the Act changed the operation of a municipal park to a governmental function. *See* TEX. CIV.PRAC. & REM.CODE ANN. § 101.0215(a)(13) (Vernon Supp.1993). The Act further provides that a state governmental unit is liable for personal injury or death caused by a condition or use of tangible personal or real property. The governmental unit is liable to the same extent a private person is liable according to Texas law. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 101.021(2) (Vernon 1984). Section 75.002 of the Texas Civil Practice and Remedies Code sets the standard of care applicable to section 101.021(2). *See Spencer,* 819 S.W.2d at 617.

The purpose of Chapter 75 is to encourage landowners (including cities) to allow public recreation on their property by limiting landowner liability. *See Tarrant County Water*

*Control & Improvement Dist. v. Crossland,* 781 S.W.2d 427, 437 (Tex.App.—Fort Worth 1989, no writ).

### B. Application of the Law

 The Kopplins assert the legislature's reclassification of operating a public park as a governmental function, and the application of Chapter 75 to the City's liability denies their common law cause of action for the City's alleged negligence in the use or misuse of playground equipment.[3]

The Kopplins satisfy the first prong of the open courts provision test. They had a common law cause of action for ordinary negligence against the City for the proprietary function of operating of a city park. The legislature's reclassification of operating a city park as a governmental function and the application of Chapter 75 changes the City's duty to all users of the park. The issue is whether that restriction is unreasonable or arbitrary when balanced against the legislative purpose of Chapter 75.

The Kopplins argue the reclassification of the function and the application of Chapter 75 to their claim denies them their common law cause of action and gives the City total immunity from responsibility for its actions. We disagree. The legislature's actions do not deny the Kopplins' claim against the City in its entirety. Neither does the legislative scheme give the City total immunity from responsibility for its actions.

The legislative scheme affords the City with the same rights as any other landowner. The scheme affords the Kopplins a claim against the City for the City's willful, wanton, or grossly negligent conduct. The scheme limits all city park users to the same claim. We conclude applying Chapter 75 under these facts when balanced against the purpose of encouraging landowners to allow public recreation on their property by limiting the landowners' liability, is not an unreasonable and arbitrary restriction of the Kopp-

---

**3.** The City argues that this claim of the Kopplins is governed by *Martinez v. Harris County,* 808 S.W.2d 257 (Tex.App.—Houston [1st Dist.] 1991, writ denied). We disagree. *Martinez* is distinguishable. In *Martinez,* the defendant was a

county as distinguished from this case where the defendant is a municipality. *See Dillard v. Austin Indep. Sch. Dist.,* 806 S.W.2d 589, 593 (Tex. App.—Austin 1991, writ denied).

lins' rights. We overrule the Kopplins' first point of error.

### C. Premise Defect

In their second point of error, the Kopplins contend the trial court erred in applying Chapter 75 rather than the Act to their premises defect claim.

In a premise defect claim, the City owed the Kopplins only the duty a private person owes a licensee on private property. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 101.022(a); *State Dept. of Highways v. Payne,* 838 S.W.2d 235, 237 (Tex.1992); *Spencer,* 819 S.W.2d at 617. The landowner owes a duty to a licensee not to injure him willfully, wantonly, or through gross negligence. *Payne,* 838 S.W.2d at 237; *Spencer,* 819 S.W.2d at 617.

An exception to this rule occurs when an owner knows of a dangerous condition and the licensee does not. Under the exception, the owner's duty is to either warn the licensee of the dangerous condition or make the condition reasonably safe. *Payne,* 838 S.W.2d at 237; *Spencer,* 819 S.W.2d at 617.

### D. Application of Law to Facts

█ The Kopplins pleaded the City knew or should have known of the dangerous condition at the park. The Kopplins pleaded the City did not warn them or make that condition reasonably safe. The Kopplins provided summary judgment evidence that they did not know of the alleged dangerous condition.

As the movant, the City had the burden to show that it did not know of the alleged dangerous condition. *Gibbs,* 450 S.W.2d at 828. As the nonmovants, the Kopplins had no need to answer or respond to the City's motion to contend on appeal that the City's motion was insufficient as a matter of law to support the summary judgment. *See City of Houston,* 589 S.W.2d at 678.

The City has no summary judgment evidence to show it did not know of the alleged dangerous condition. We conclude the City failed in its burden on summary judgment. The City did not disprove an essential element of the Kopplins' cause of action as a matter of law. *Gibbs,* 450 S.W.2d at 828.

Alternatively, we conclude that if the trial court granted the City's motion by applying Chapter 75 of the Texas Civil Practice and Remedies Code to the premise defect claim, then the trial court erred. We sustain the Kopplins' second point of error.

### WAS THE CITY'S MOTION DEFICIENT?

█ In their third point of error, the Kopplins contend the City's motion for summary judgment does not address the use, misuse, or nonuse of personal property claim. The Kopplins assert Chapter 75 of the Texas Civil Practice and Remedies Code does not apply to the use, misuse, or nonuse of personal property. The Kopplins argue the pine bark mulch cushioning material does not fall within the Chapter 75 definition of premises. The Kopplins' assertion is that because the cushioning material was not indigenous to the park, it was not real property but personal property. Therefore Chapter 75 does not apply to the claim. Finally, the Kopplins argue that organized recreational activities on playground equipment do not fall within the Chapter 75 definition of recreation.

The Kopplins' arguments are without merit. First, Chapter 75 of the Code sets the standard of care applicable to section 101.-021(2) of the Act. *See Spencer,* 819 S.W.2d at 612. The City owed the Kopplins the duty owed a trespasser on the premises. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 75.002(2) (Vernon 1986); *Spencer,* 819 S.W.2d at 617. The City's motion for summary judgment alleged it owed only a duty to the Kopplins as trespassers or, at best, licensees.

█ Second, the limitation of an owner's liability is focused on the owner of the land and not on the Code's definition of premises. Section 75.002(c)(2) provides that if an owner of real property, other than agricultural land, allows another to enter the premises for recreation, the owner does not owe to that person a greater degree of care than the owner owes to a trespasser. *See* TEX.CIV. PRAC. & REM.CODE ANN. § 75.002(c)(2) (Vernon 1986). We hold that Chapter 75 applies to use, misuse, or nonuse of tangible personal property claims where the owner of real

property, other than agricultural land, allows another to enter the premises for recreation. Therefore, the duty the owner owes to that person is no greater than that owed to a trespasser on the premises.

■■■■ Third, we agree with the rationale of the Houston First Court of Appeals in *Martinez*. That is, the recreation definitions found in section 75.001(3) of the Code are not exclusive and do not exhaust the class. *See Martinez*, 808 S.W.2d at 259; *Harris County v. Eaton*, 573 S.W.2d 177, 179 (Tex.1978). We conclude that playing on playground equipment on the City's playground is a recreational activity contemplated under Chapter 75. We overrule the Kopplins' third point of error.

## ATTRACTIVE NUISANCE DOCTRINE

■■■■ The Kopplins contend the trial court erred in granting summary judgment on their premises liability claims under the doctrine of attractive nuisance. The Kopplins assert the City knew or should have known the equipment was an attraction to children and posed an unreasonable risk of harm to children of tender years. The Kopplins argue these children, including Justin, because of their youth do not appreciate the risk involved. The Kopplins point out that Chapter 75 specifically provides that it does not affect the doctrine of attractive nuisance.

The City argues the track ride in question is not an attractive nuisance as a matter of law. It also asserts that the law can charge a seven or eight year old boy with knowing that if he falls, he can injure himself by breaking his arm. The City asserts the equipment in question was not a concealed but an obvious risk.

### A. Application of Law to Facts

■■■■ The question of whether an attractive nuisance exists is a question of law. Whether the child injured is of such tender years and immaturity that the doctrine protects the child against the particular condition or danger is also a question of law. *See Massie*, 233 S.W.2d at 454; *Jannette*, 701 S.W.2d at 60. One criteria for deciding if the doctrine of attractive nuisance applies is whether the condition involves a concealed, hidden, or latent danger. *See Stimpson v. Bartex Pipe Line Co.*, 120 Tex. 232, 36 S.W.2d 473, 476 (1931).

■■■■ The doctrine of attractive nuisance applies only where the danger is latent and not when it is patent or obvious. The doctrine is limited so that care for children who are unable to recognize patent dangers is not shifted from their parents to strangers. The limitation avoids imposing on property owners a duty and liability where otherwise none would exist. *Stimpson*, 36 S.W.2d at 476. If an obvious or patent danger caused the injury complained of, the court should deny recovery. *Stimpson*, 36 S.W.2d at 476.

We conclude as a matter of law that the doctrine of attractive nuisance does not apply in this case. The very nature of the playground equipment involved is open and obvious. As the *Stimpson* court stated, it would be difficult if not impossible for a landowner to guard against the danger of falling incident to boys climbing on almost any kind of objects. *See Stimpson*, 36 S.W.2d at 477. The danger of falling from playground equipment such as the track ride in this case is open and obvious to even a child of Justin Kopplin's age. We conclude the trial court reasonably held as a matter of law that the attractive nuisance doctrine does not apply. We overrule the Kopplins' fourth point of error.

## THE CITY'S CROSS–POINT OF ERROR

In a cross-point of error, the City contends that the Kopplins' appeal is without sufficient cause and taken for delay and expense only. We disagree. Because we have sustained the Kopplins' second point of error, the appeal clearly is not frivolous. We overrule the City's cross-point of error.

## CONCLUSION

We affirm the trial court's summary judgment for the City on the claims for ordinary negligence for the use, misuse, or nonuse of tangible personal or real property. We affirm the trial court's judgment for the City on the claim for damages under the Texas Tort Claims Act relating to the use, misuse,

or nonuse of tangible personal or real property. We affirm the trial court's judgment for the City on the claims under the doctrine of attractive nuisance. We sustain the Kopplins' point of error on premises liability and reverse the trial court's summary judgment for the City on that claim. We remand this cause for further proceedings on the premises defect claim.