**Jesus F. LUNA and Maria L. Luna, Individually, and as Next Friends of Hugo E. Luna, A Minor, Appellants,**

v.

**H & A INVESTMENTS and Hector Guerra, Individually, and d/b/a Guerra Construction, Appellees.**

No. 13–93–199–CV.

Court of Appeals of Texas, Corpus Christi.

Oct. 6, 1994.

---

Chris A. Brisack, Michael E. Flanagan, McAllen, for appellant.

Jose R. Guerrero, Jesus Ramirez, Montalvo & Ramirez, McAllen, for appellees.

Before KENNEDY, GILBERTO HINOJOSA and YAÑEZ, JJ.

## OPINION.

KENNEDY, Justice.

Jesus and Maria Luna appeal the summary judgment that extinguished their claims against H & A Investments and Hector Guerra, individually and d/b/a Guerra Construction ("Guerra"). The Lunas sued, individually and as next friends of their minor son, Hugo Luna, for damages resulting from Hugo's personal injuries. We affirm in part and reverse in part.

By their first point of error, the Lunas contend that the court erred reversibly by granting the appellees' motion for summary judgment. The Lunas launch a more specific attack in point two; they claim that the summary judgment was erroneous because no summary judgment evidence showed either that the appellees were unaware of the dangerous condition or that they disclosed the condition.

When reviewing the grant of a motion for summary judgment, we must determine whether the summary judgment proof establishes as a matter of law the absence of a genuine issue of a material fact as to one or more of the essential elements of a cause of action. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970). On disputed fact issues, we take all evidence favoring the nonmovant as true; we indulge every reasonable inference and resolve all doubts in favor of the nonmovant. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).[1]

Hugo was injured by a large, cylindrical cement irrigation and/or drainage pipe. The pipe lay on a lot that abutted the corner where a school bus stopped. While he waited for the school bus, Hugo was playing on or around the pipe. The pipe rolled onto Hugo's foot, causing injury.

The Lunas did not sue Jose or Maria Martinez, the Illinois-resident owners of the lot. Instead, they sued H & A, previous owner of the lot, and H & A's president Guerra in his capacity as a contractor for the subdivision. The pipe appeared on the lot while H & A owned the property and Guerra built roads and installed drainage systems in the subdivision in 1985. H & A conveyed a warranty deed to the Martinezes on July 6, 1989.[2] Hugo was injured on October 31, 1989.

The Lunas' first amended original petition alleged as follows:

Plaintiffs would show that the Defendants knew or should have known that young children were likely to trespass upon the premises where the aforesaid irrigation/drainage pipes were maintained.

Plaintiffs would also show that the condition, maintenance, storing and/or abandonment of said irrigation/drainage pipes at the location in question was known or should have been known to the Defendants and also that the Defendants realized or should have realized that the presence of said irrigation/drainage pipes as aforesaid involved an unreasonable risk of serious bodily harm to such children. Defendants' failure to correct the condition or to warn the minor Plaintiff constituted negligence, and such negligence was a proximate cause of the occurrence in question and the Plaintiffs' resulting injuries.

Further, plaintiffs would show that the utility to the Defendants of maintaining the condition and presence of the said irrigation/drainage pipes a the aforesaid location was slight as compared to the risk to young children posed by the condition and presence of said pipes.

Plaintiffs would show that the minor Plaintiff, because of his youth, did not discover the dangerous condition of said pipes or realize the risk involved in intermeddling in it or in coming within the area made dangerous by it. Further, the minor Plaintiff could not have reasonably been expected to discover the dangerous condition.

The Lunas then specifically alleged a series of misdeeds.

The appellees sought and received summary judgment on the theory that they owed no duty to Hugo. *See Otis Eng'g Corp. v. Clark,* 668 S.W.2d 307, 309 (Tex.1983). The Lunas assault the summary judgment, contending that it is erroneous and fails to address all their claims.

We first treat the case as appellees have, as a regular premises defect case with the pipe as the dangerous condition. We will address their claim of attractive nuisance below.

---

1. We conduct our review of the facts accordingly. Nothing in our summary should be construed as a judicial finding unless otherwise noted.

2. H & A and the Martinezes entered a contract to give deed on January 18, 1986.

We have adopted the approach of the RESTATEMENT (SECOND) OF TORTS regarding the liability of vendors for dangerous conditions existing on land at the time of transfer. *See Beall v. Lo–Vaca Gathering Co.*, 532 S.W.2d 362, 364–65 (Tex.Civ.App.— Corpus Christi 1975, writ ref'd n.r.e.). Contractors are held to the same standard. *Id.* at 364. The general rule is that

> a vendor of land is not subject to liability for physical harm caused to his vendee or others while upon the land after the vendee has taken possession by an dangerous condition, whether natural or artificial, which existed at the time that the vendee took possession.

RESTATEMENT (SECOND) OF TORTS § 352 (1965). The next section states that the vendor may retain liability in certain situations:

> (1) A vendor of land who conceals or fails to disclose to his vendee any condition, whether natural or artificial, which involves unreasonable risk to persons on the land, is subject to liability to the vendee and others upon the land with the consent of the vendee or his subvendee for physical harm caused by the condition after the vendee has taken possession, if
>> (a) the vendee does not know or have reason to know of the condition or the risk involved, and
>> (b) the vendor knows or has reason to know of the condition, and realizes or should realize the risk involved and has reason to believe that the vendee will not discover the condition or realize the risk.
> (2) If the vendor actively conceals the condition, the liability stated in Subsection (1) continues until the vendee discovers it and has reasonable opportunity to take effective precautions against it. Otherwise the liability continues only until the vendee has had reasonable opportunity to discover the condition and to take such precautions.

RESTATEMENT (SECOND) OF TORTS § 353 (1965).

The Lunas did not dispute that the Martinezes had taken possession of the land from H & A when Hugo was injured. The Martinezes entered the contract for deed with H & A just over forty-six months before the injury. They owned the land for almost four months when Hugo was injured. For purposes of reviewing the summary judgment, we will accept the Lunas' contention that the Martinezes did not begin possession until they received the deed.

H & A does not challenge that it should have known of the pipes, nor does it contend that it disclosed the pipes to the Martinezes. The undisputed evidence shows that the pipe was in the open and obvious. H & A therefore owned no duty to Hugo except for dangerous conditions it had not disclosed to the Martinezes. H & A owed this duty only until the Martinezes had reasonable opportunity to discover the dangerous condition—the pipe.

■ The Martinezes had the opportunity to discover the pipe. The owner's duty to keep premises safe may include a duty to inspect and discover dangerous conditions. *Boyer v. Scruggs*, 806 S.W.2d 941, 947 (Tex. App.—Corpus Christi 1991, no writ). The Lunas' testimony shows that the pipe was there in the open on the lot for at least the last nine months of the Martinezes' payment period and the first four months after they obtained the warranty deed. The undisputed evidence shows that had the Martinezes conducted a minimal inspection—i.e. looked at the property—they would have discovered the pipe. H & A had no duty to Hugo under a regular premises defect claim.

■ The summary judgment evidence likewise shows Guerra blameless on a regular premises defect claim. To the extent he had controlled the property as a contractor, the undisputed evidence showed that he returned possession to H & A long before it sold the land to the Martinezes. The evidence of the unconcealed placement of the pipe and the greater passage of time exonerates him on this issue as well. We overrule both points of error as they pertain to regular premises defect claims against both defendants with the pipe as the dangerous condition.

■ We reach a different result regarding the attractive nuisance, however. The ele-

ments for attractive nuisance differ from those for premises defect. *See Kopplin v. City of Garland,* 869 S.W.2d 433, 438 (Tex. App.—Dallas 1993, writ denied). The attractive nuisance claimant must show that the property was one which the possessor knew or should have known (1) that small children would likely frequent the property and play on it, (2) that the property had a condition which the possessor knew or should have known involved unreasonable risk of death or serious bodily harm to the children, (3) that the child, because of his youth, did not appreciate the risk involved in the condition, and (4) that the burden of removing the condition was slight as compared to the probability of injury. *See id.*

Appellees protest that the Lunas cannot argue on appeal that children playing on the pipe was the dangerous condition because they failed to apprise the trial court of this issue. Appellees are mistaken. The above-quoted paragraphs from the live petition contain the requirements for an attractive nuisance claim. *Compare with Banker v. McLaughlin,* 146 Tex. 434, 208 S.W.2d 843, 847 (1948); *Kopplin,* 869 S.W.2d at 438; *see also* RESTATEMENT (SECOND) OF TORTS § 339 (1965). The Lunas mentioned the claim by name in their response to the motion for summary judgment. The claim was raised at the trial level.

Appellees' motion did not address the attractive nuisance claim. They insisted and maintain that the claim was not presented at the trial court. They accordingly did not move for summary judgment against that claim; they produced no evidence on any of the issues regarding the knowledge, perception of risk, or duty that they or the Martinezes had or should have had regarding the presence of children interacting with the presence of the pipe. The trial court could not have granted summary judgment against a claim not addressed by the motion. *See Black v. Victoria Lloyds Ins. Co.,* 797 S.W.2d 20, 27 (Tex.1990); *Chessher v. Southwestern*

*Bell Tel. Co.,* 658 S.W.2d 563 (Tex.1983). The court therefore erred to the extent that it granted summary judgment against the attractive nuisance claim. We expressly do not address the merits of that claim or the outcome of a motion for summary judgment against the claim because that motion was not presented below. We sustain point one as to the Lunas' attractive nuisance claim.[3]

We affirm the summary judgment as to any claim that the appellees were responsible for the pipe as the dangerous condition. We reverse and remand for further proceedings on the appellees' responsibility for the pipes as an attractive nuisance.

---

3. Our finding that the plaintiffs also alleged an attractive nuisance claim does not render the summary judgment against the premises defect claim interlocutory. The court rendered summary judgment based on the motion that dealt only with the pipe as the dangerous condition.

The judgment closed, however, with a statement denying all relief not otherwise granted. The court thus also rendered judgment against the attractive nuisance claim. We have jurisdiction to consider both claim.