# IN THE SUPREME COURT OF TEXAS

════════════
No. 13-0338
════════════

UNIVERSITY OF TEXAS AT ARLINGTON, PETITIONER,

v.

SANDRA WILLIAMS AND STEVE WILLIAMS, RESPONDENTS

═══════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE SECOND DISTRICT OF TEXAS
═══════════════════════════════════════════════════

JUSTICE GUZMAN, joined by JUSTICE WILLETT, concurring.

In *City of Bellmead v. Torres*, we held that whether the recreational use statute applies depends on the particular activity the plaintiff was engaging in at the time of the injury. Here, the plaintiff was injured while attempting to acquire and sign forms authorizing a high school to release her daughter after the conclusion of a high school soccer match. Under *City of Bellmead*, we must examine whether this particular activity qualifies as recreational use. Under the statute's plain language and our precedent, it does not. JUSTICE DEVINE's plurality opinion, however, departs from the precision our jurisprudence requires by focusing on the activity the plaintiff had completed before she was injured–spectating. Thus, while I join in the Court's judgment that the recreational use statute does not apply, I do so on different grounds. Accordingly, I respectfully concur in the Court's judgment.

Absent gross negligence, malicious intent, or bad faith, the recreational use statute protects property owners from claims for personal injuries that occur on their property during recreational

activities.  *See* TEX. CIV. PRAC. & REM. CODE § 75.002(d).  In *City of Bellmead v. Torres*, we explained that the statute is a premises defect statute and, as a result, whether a particular action qualifies as "recreation" turns entirely on the precise activity the plaintiff was engaged in when the injury occurs.  89 S.W.3d 611, 614 (Tex. 2002).  Accordingly, we categorized the various exploits the plaintiff engaged in while at the park—playing softball and swinging on the swing—and then focused narrowly on the activity the plaintiff was performing when she was injured.  *Id.* at 612, 614.  In pinpointing the action that caused the injury, we disregarded both the reasons the plaintiff went to the park and the pursuits the plaintiff engaged in before the injury occurred.  *Id.* at 612.  *City of Bellmead* provides the framework for analyzing the applicability of the recreational use statute to the circumstances in this case:  (1) what is the precise activity the plaintiff was engaged in when she was injured and (2) does that particular activity qualify as "recreation" under the statute?

There is no dispute that Sandra Williams had attended her daughter's high school soccer game at the University of Texas football stadium in Arlington and pursued that action to its conclusion without incident.  However, per the high school's athletics policy, Williams's daughter could not leave the stadium with her family after the game until a parent signed a release form.  Attempting to comply with school policy, Williams walked down the stadium's steps to the field after the game ended to gain access to the clipboard containing the form she needed to sign to leave the stadium with her child.  In the process of acquiring the clipboard, Williams leaned on a gate that provides access from the stands to the field.  The gate opened unexpectedly, and Williams fell five feet to the field below, injuring her rib and left arm.  It defies logic to conclude Williams could have been a spectator when her injury occurred because the match had ended.  Instead, at the time

2

Williams was injured, she had fully transitioned to a new activity—acquiring and signing a release form in accordance with school policy.

Because Williams was injured while acquiring a release form, *City of Bellmead* requires us to determine whether this activity is "recreation." As defined by statute, "recreation" expressly includes: hunting, fishing, swimming, boating, camping, picnicking, hiking, pleasure driving, nature study, cave exploration, water sports, bicycling, mountain biking, disc golf, dog walking, and radio control flying. TEX. CIV. PRAC. & REM. CODE § 75.001(3). None of these activities encompass the act of retrieving one's child after a school sporting event. *See id.* Thus, to be protected, the activity must fall within a catchall provision extending the definition of recreation to "any other activity associated with enjoying nature or the outdoors." *Id.* § 75.001(3)(L). To qualify as recreation, the principle of *ejusdem generis* requires the activity be similar to those sports and hobbies expressly identified in the statute. *Cf. City of Houston v. Bates*, 406 S.W.3d 539, 545 (Tex. 2013). And in keeping with this principle, Texas precedent identifies a number of similar and thus qualifying recreational activities. *See, e.g.*, *City of Bellmead*, 89 S.W.3d at 614–15 (swinging); *Univ. of Tex. Health Science Center v. Garcia*, 346 S.W.3d 220, 226 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (playing beach volleyball); *Garcia v. City of Richardson*, No. 05–01–01755–CV, 2002 WL 1752219, at *2–3 (Tex. App.—Dallas July 30, 2002, pet. denied) (mem. op., not designated for publication) (playing an informal soccer game); *Kopplin v. City of Garland*, 869 S.W.2d 433, 441 (Tex. App.—Dallas 1993, writ denied) (playing on playground equipment). In stark contrast to these obvious recreational activities, the act of acquiring and signing a release form as a precursor to leaving the stadium with your child is not akin to the sports and hobbies expressly listed in the statute.

3

JUSTICE BOYD asserts that the Legislature defined recreation to broadly include activities that are incident to, but may not themselves qualify, as "enjoying nature or the outdoors." Slip op. at ___(BOYD, J., concurring). I disagree. Construing the catchall provision to broadly encompass independent ancillary activities—such as signing a consent authorization form—does not comport with the principle of *ejusdem generis*, rendering the prior and subsequent statutorily enumerated activities superfluous. Rather, we must construe the catchall phrase no more broadly than the Legislature intended. *Bates*, 406 S.W.3d at 545.

The Legislature did not purport to incorporate an activity merely because its occurs outdoors. *See Sullivan v. City of Fort Worth*, No. 02-10-00223-CV, 2011 WL 1902018, at *7 (Tex. App.—Fort Worth May 19, 2011, pet. denied) (mem. op. on reh'g) (holding that a guest attending a wedding in a city garden was not engaged in recreation when she fell on an unlit pathway, reasoning that "[a] wedding is not the type of activity in which people engage assuming a risk of injury from physical activity. Thus, we do not think that the wedding transforms from a ceremony to recreation simply because it occurred outside."). Nor did the Legislature intend to include activities that, while temporally related to a recreational activity, have no actual connection to an individual's enjoyment of nature or the outdoors. Instead, we must construe the catchall provision narrowly to encompass only those activities closely connected to enjoying the outdoors. *See* WEBSTER'S NEW UNIVERSAL ABRIDGED DICTIONARY 126 (1996) ("associate" means "usually accompanying"); WEBSTER'S NEW COLLEGIATE DICTIONARY 67 (1980) (defining "associate" as "closely connected."). Signing an authorization form, even when it occurs at an outdoor stadium, bears no relationship to activities associated with enjoying nature or the outdoors—Williams could just as easily have arrived at the stadium solely for the purpose of retrieving her child. In contrast, when the evidence indicates an

4

activity is closely related to a recreational activity, the statute may apply. *See, e.g.*, *City of Plano v. Homoky*, 294 S.W.3d 809, 817 (Tex. App.—Dallas 2009, no pet.) (falling in the clubhouse immediately after turning in a golf scorecard is closely related to playing golf). Because signing an authorization form is an activity unrelated to enjoying the outdoors, I cannot conclude that the Legislature intended that catchall provision to encompass this particular activity.

Because Williams was not engaged in recreation at the time of her injury, the recreational use statute does not bear on this dispute, and we need not address whether spectating, in and of itself, is a recreational use. Thus, I concur only in the Court's judgment.

_____
Eva M. Guzman
Justice

**OPINION DELIVERED:** March 20, 2015