Marlene SPENCER, Appellant,

v.

CITY OF DALLAS, Appellee.

No. 05–91–00020–CV.

Court of Appeals of Texas, Dallas.

Oct. 30, 1991.

Vic Terry, Warren Hays, Dallas, for appellant.

David Terry, Randall D. Fife, Dallas, for appellee.

Before BAKER, THOMAS, and WHITTINGTON, JJ.

## OPINION

BAKER, Justice.

Marlene Spencer sued the City of Dallas under the Texas Tort Claims Act.[1] The trial court granted the City's motion for summary judgment. Spencer contends the trial court erred in granting summary judgment. We affirm the trial court's judgment.

## THE PLEADINGS

Spencer sued the City and other defendants for personal injuries she claims resulted from a fall at Tietze Park, a Dallas city park. She alleged she tripped and fell on the concrete footing of a park slide. Spencer dismissed all defendants except the City when she filed her first amended original petition.

The City moved for summary judgment. Spencer then filed her first amended original petition and response to the City's motion for summary judgment.

Spencer's amended petition alleged a cause of action against the City under the Act. She alleged that: (1) the City owed her a duty of ordinary care because she was an invitee at the time of her fall; (2) her fall was not on a premise; (3) the park was a location owned, managed, or controlled by the City; and (4) the City was negligent because it did not exercise ordinary care. Spencer's first amended original petition did not include any allegations about the City's design of either the park or the slide. Spencer's petition did not

---

1. TEX.CIV.PRAC. & REM.CODE ANN. §§ 101.001–101.-109 (Vernon 1986). Unless otherwise noted, any future reference to the Act refers to these sections of the Code.

allege that the City acted willfully, wantonly, or with gross negligence.

The City's motion for summary judgment alleged as grounds: (1) the City has sovereign immunity because the design of a public park is a discretionary act; (2) the City owed Spencer the standard of care of a trespasser under chapter 75 of the Texas Civil Practices and Remedies Code,[2] and Spencer did not allege that the City acted willfully, wantonly, or with gross negligence toward her; or, alternatively, (3) Spencer was a licensee under section 101.-022 of the Act, and the only duty the City owed Spencer was to warn of or make safe a dangerous condition actually known to the City.

The trial court granted the City's motion. The trial court's order does not state the ground on which the court sustained the City's motion.

## SPENCER'S POINT OF ERROR

■ Spencer asserts the trial court erred in granting the City summary judgment. This point is sufficient to permit Spencer to raise every available legal attack on the summary judgment the trial court rendered. *See Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex.1970).

## STANDARD OF REVIEW

### A. Summary Judgment

The Texas Supreme Court has set the standards we apply in reviewing a trial court's grant of a summary judgment. As mandated by that court, they are:

1. The movant for summary judgment has the burden of showing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, we must take evidence favorable to the nonmovant as true.

3. We must indulge every reasonable inference in favor of the nonmovant and resolve any doubts in its favor.

*See Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

The summary judgment rule does not provide for a trial by deposition or affidavit. The rule provides a method of summarily ending a case that involves only a question of law and no genuine fact. *See Gaines v. Hamman*, 163 Tex. 618, 358 S.W.2d 557, 563 (1962). The trial court's duty is to determine if there are any fact issues to try, not to weigh the evidence or determine its credibility and try the case on affidavits. *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929, 931 (1952). The purpose of the summary judgment rule is to eliminate patently unmeritorious claims or untenable defenses. The rule is not intended to deprive the litigants of their right to a full hearing on the merits of any real issue of fact. *See Gulbenkian*, 252 S.W.2d at 931.

■ A movant must show its entitlement to summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of its cause of action or defense as a matter of law. *See Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972). The trial court may not grant summary judgment by default against the nonmovant for failing to respond to the motion when the movant's summary judgment proof is legally insufficient. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

■ To show its right to a summary judgment, the defendant must either disprove an essential element of the plaintiff's cause of action as a matter of law or establish all elements of its defense as a matter of law. *See Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970); *Pinckley v. Gallegos*, 740 S.W.2d 529, 531 (Tex.App.—San Antonio 1987, writ denied).

■ A nonmovant need not answer or respond to a motion for summary judgment to contend on appeal that the grounds expressly presented by the movant's motion are insufficient as a matter of law to support summary judgment. However, the

---

2. TEX.CIV.PRAC. & REM.CODE ANN. §§ 75.001–75.003      (Vernon 1986).

nonmovant may not raise any other issues as grounds for reversal. *City of Houston,* 589 S.W.2d at 678.

█ Except to attack the legal sufficiency of the movant's grounds for summary judgment, the nonmovant must expressly present to the trial court any reason for avoiding the movant's entitlement to summary judgment, and the nonmovant must present summary judgment proof when necessary to show a fact issue. The nonmovant must expressly present to the trial court in a written answer or response to the motion those issues that would defeat the movant's right to summary judgment and, failing to do so, may not later assign them as appellate error. TEX.R.CIV.P. 166a(c); *City of Houston,* 589 S.W.2d at 678–79.

### B. Competency of Summary Judgment Evidence

Rule 166a(c) of the Texas Rules of Civil Procedure provides in part that a summary judgment may be based on uncontroverted testimonial evidence of an interested witness if the evidence is clear, positive, direct, otherwise credible, free from contradictions and inconsistencies, and could have been readily controverted. TEX.R.CIV.P. 166a(c). Rule 166a(f) provides that defects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity by the other party, but refusal, to amend. TEX. R.CIV.P. 166a(f).

█ If the nonmovant does not point out to the trial court defects in the form of affidavits or attachments before the trial court renders summary judgment, it waives defects of form. *See Life Ins. Co. v. Gar–Dal, Inc.,* 570 S.W.2d 378, 381 (Tex. 1978); *Jones v. McSpedden,* 560 S.W.2d 177, 179 (Tex.Civ.App.—Dallas 1977, no writ). However, legal conclusions and opinions in an affidavit are insufficient to show the existence of a fact to support a motion for summary judgment. *See Mercer v. Daoran Corp.,* 676 S.W.2d 580, 583 (Tex.1984); *Jones,* 560 S.W.2d at 180–81.

The uncontroverted affidavit of an interested party will support a summary judgment without a controverting affidavit or an attempt by the nonmovant to avail himself of the opportunity to seek a delay to secure affidavits or take depositions controverting the facts stated by the interested witness. *See Longoria v. Texaco,* 649 S.W.2d 332, 335–36 (Tex.App.—Corpus Christi 1983, no writ); TEX.R.CIV.P. 166a(g).

### THE SUMMARY JUDGMENT EVIDENCE

#### A. The City's Evidence

The City based its motion on the pleadings, excerpts of Spencer's deposition, and the affidavit of Steven M. Park, superintendent of design and construction of the City's Parks and Recreation Department. Park bases his affidavit on personal knowledge gained from his position with the City and his review of the City's records.

Spencer's deposition reflected she went to Tietze Park with her daughter for recreational purposes. She was helping her daughter and a playmate at the slide. She moved to the left of the slide, fell, and fractured her left hip. She said she fell over a concrete block anchoring the metal support holding the lip at the bottom of the slide. She said she did not pay a fee to enter the park.

Park's affidavit states that: (1) Tietze Park is a free public park for anyone's use without the payment of a fee; (2) the park is a recreational park with both active and passive recreation activities; (3) the playground slide is open and obvious to all park users; (4) the City had no notice of any defect in the slide before the date of Spencer's fall; and (5) there was no record of any previous similar accident at the park.

#### B. Spencer's Evidence

Spencer filed a written response to the City's motion. She incorporated her first amended original petition, all discovery in the case, the City's motion for summary judgment, and Park's affidavit. Spencer's response alleged the existence of issues of material fact about the City's negligence.

Spencer's response also alleged that Park's affidavit as to notice only raises a question of fact and was self-serving. Finally, Spencer asserts that because she amended her petition, the City's summary judgment proof did not negate her most recent pleadings. Spencer did not support her response with controverting affidavits.

## STATUTORY BASIS FOR THE CITY'S LIABILITY

Spencer's first amended original petition alleges a cause of action against the City under the Texas Tort Claims Act. She alleged the City owed her the duty of ordinary care because she was an invitee at the time of her fall; Tietze Park was a location owned, managed, or controlled by the City; and her fall was not on a premise. The provisions of the Act limit the City's liability to Spencer.

### A. Condition or Use of Tangible Personal or Real Property

The City can be liable to an individual for personal injury when the injury was caused by a condition or use of tangible personal or real property if the City would, were it a private person, be liable to the claimant according to Texas law. *See* § 101.021(2) of the Act.

Section 75.002 of the Texas Civil Practice and Remedies Code establishes the standard of care applicable to section 101.-021(2). This section provides that an owner of real property who gives another permission to enter premises for recreational purposes does not owe that person a greater degree of care than is owed a trespasser on the premises. *See* TEX.CIV.PRAC. & REM. CODE ANN. § 75.002(2) (Vernon 1986). The landowner owes a trespasser the legal duty not to injure him willfully, wantonly, or through gross negligence. *Weaver v. KFC Management, Inc.*, 750 S.W.2d 24, 26 (Tex. App.—Dallas 1988, writ denied).

### B. Premise Defect

If a claim arises from a premise defect, the City owes Spencer only the duty that a private person owes to a licensee on private property. *See* § 101.022(a) of the Act.

The landowner owes a duty to a licensee not to injure him willfully, wantonly, or through gross negligence. *Garcia v. State*, 817 S.W.2d 741, 742 (Tex.App.—San Antonio, 1991, n.w.h.) (not yet reported); *Weaver*, 750 S.W.2d at 26. An exception to this rule occurs when an owner has knowledge of a dangerous condition and the licensee does not; the owner's duty is to either warn the licensee of the dangerous condition or make the condition reasonably safe. *Lower Neches Valley Auth. v. Murphy*, 536 S.W.2d 561, 562 (Tex.1976); *State v. Tennison*, 509 S.W.2d 560, 562 (Tex. 1974).

## SPENCER'S ARGUMENTS

### A. Spencer An Invitee

Spencer contends that she was an invitee. She contends her cause of action did not occur on a premise. She argues that an ordinary negligence standard of care applies to her case. Spencer relies on *City of Baytown v. Townsend*, 548 S.W.2d 935 (Tex.App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.), to support these contentions.

It is true that a premises owner owes an invitee the duty of reasonable care. *See Adam Dante Corp. v. Sharpe*, 483 S.W.2d 452, 454–55 (Tex.1972). The test to determine if a person is an invitee at the time of the injury is whether that person entered another's land with the owner's knowledge and for the mutual benefit of both. *See Rosas v. Buddies Food Store*, 518 S.W.2d 534, 536 (Tex.1975); RESTATEMENT (SECOND) OF TORTS § 332 (1965). The City's summary judgment evidence showed Spencer was at the park for recreational purposes. She did not pay a fee to enter the park. Spencer did not offer summary judgment evidence to show she entered the park for the mutual benefit of herself and the City at the time of the injury. Spencer was not an invitee as a matter of law.

Spencer's reliance on *Townsend* is misplaced for two reasons. First, the *Townsend* court observed that the suit was neither prosecuted nor defended on a premise defect theory. The court noted there was

no allegation or finding that the protruding bolt that caused the plaintiff's injury was a "premise defect." In this case, Spencer alleged her fall was not on a premise. The City defended by alleging it had no greater duty to Spencer than that provided in section 101.022 of the Act.

Second, section 75.002(2) of the Texas Civil Practice and Remedies Code did not exist in 1972 when the *Townsend* claim arose. The predecessor statute to chapter 75 of the Texas Civil Practice and Remedies Code was article 1b of the Texas Revised Civil Statutes. Article 1b(1) provided that the real property owner was liable only for permitting persons to enter the property for purposes of hunting, fishing, and/or camping. *See* TEX.REV.CIV.STAT. ANN. art. 1b(1) (Vernon 1969) (repealed 1985). As is obvious, article 1b(1) was more restrictive than section 75.001 of the Code. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 75.001 (Vernon 1986).

### B. No Pleading of Governmental Immunity

■ Spencer contends the City did not plead governmental immunity, a defense that must be pleaded. *See City of Houston v. Bush*, 566 S.W.2d 33, 35 (Tex.App.—Beaumont 1978, writ ref'd n.r.e.). The City did not affirmatively plead governmental immunity. The City waived that claim as a defense. *See Bush*, 566 S.W.2d at 35.

### C. Spencer as a Trespasser

■ If we accept Spencer's contention that the location where she fell is not a premise, then section 101.021(2) of the Act governs the City's liability. The City's duty to Spencer is no greater degree of care than is owed to a trespasser on the premises. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 75.002(2) (Vernon 1986); *Martinez v. Harris County*, 808 S.W.2d 257, 259 (Tex.App.—Houston [1st Dist.] 1991, writ denied). The City owes trespassers the legal duty not to injure them willfully, wantonly, or through gross negligence. *See Rowland v. City of Corpus Christi*, 620 S.W.2d 930, 933 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.).

Spencer neither pleaded nor provided any summary judgment evidence of willful, wanton, or grossly negligent conduct by the City. We hold the trial court did not err if it granted the City summary judgment under sections 101.021(2) and 75.-002(2) of the Texas Civil Practice and Remedies Code.

### D. Spencer as a Licensee

■ Spencer argues the City presented no summary judgment proof to negate its liability to Spencer under a licensee standard. We disagree. The issue of whether a condition is a "premise" is one of duty and involves statutory interpretation, a matter for the court to decide. *See State Dept. of Highways & Public Transp. v. Payne*, 34 Tex.Sup.Ct.J. 793, 794, 1991 WL 175208 (September 11, 1991); *Harris County v. Eaton*, 573 S.W.2d 177, 179–80 (Tex.1978).

■ The only other statutory ground available to Spencer is section 101.022(a) of the Act. If we conclude from the summary judgment evidence Spencer's claim arises from a premise defect, then the City's duty is that of a private person to a licensee on private property. This duty is not to injure the licensee by willful, wanton, or grossly negligent conduct. *See Payne*, 34 Tex.Sup.Ct.J. at 794; *Tennison*, 509 S.W.2d at 562.

The City's uncontroverted summary judgment evidence reflects it had no knowledge of the slide's alleged dangerous condition. Spencer did not plead or offer any summary judgment evidence that the City engaged in willful, wanton, or grossly negligent conduct. We hold that if the trial court granted the City summary judgment on a licensee standard, it did not err because the City owed Spencer no duty to warn or make the condition safe. This conclusion results because Spencer did not show the City knew of the alleged dangerous condition. *See Tennison*, 509 S.W.2d at 562.

### E. The City's Affidavit Not Incompetent Summary Judgment Evidence

■ To conclude, we consider Spencer's contention that Park's affidavit was defec-

tive and conclusory, was that of an interested witness, and could not be readily controverted by Spencer and was therefore insufficient to support the City's motion. Spencer relies on *Zollar v. Smith*, 710 S.W.2d 155 (Tex.App.—Eastland 1986, no writ), to support this contention. *See also* TEX.R.CIV.P. 166a(c). Spencer's response to the City's summary judgment motion only alleged Park's affidavit raised a fact question and was self-serving. Because Park's affidavit was that of an interested witness and was self-serving does not render it incompetent summary judgment evidence. The rule expressly permits affidavits of interested witnesses. *See* TEX.R.CIV.P. 166a(c). Even though we may not consider legal conclusions and opinions, it is proper to consider Park's factual statements. Park bases his factual statements upon personal knowledge gained from his position with the City and his review of the City's records. His affidavit is clear, positive, direct, otherwise credible, and free from contradictions and inconsistencies. His affidavit meets the requirements of rule 166a(c). *See* TEX.R.CIV.P. 166a(c).

Moreover, the record reflects Spencer had more than four months to take depositions or conduct other discovery to controvert Park's factual statements. She did not file her response to the City's motion until two days before the summary judgment hearing. Furthermore, Spencer neither filed a controverting affidavit nor sought a delay to obtain such evidence. *See* TEX.R.CIV.P. 166a(g). She did not request a trial amendment to allege willful, wanton, or grossly negligent conduct by the City. *See Galvan v. Public Util. Board*, 778 S.W.2d 580, 583 (Tex.App.—Corpus Christi 1989, no writ). We conclude Spencer waived any right to complain on appeal of defects in the form of the City's summary judgment proof. We hold Spencer's complaint about the substance of Park's affidavit is without merit.

## CONCLUSION

We conclude that the City has met its summary judgment burden and proved there was no genuine issue of material fact. The City proved its entitlement to a judgment as a matter of law. *City of Houston*, 589 S.W.2d at 678. We overrule Spencer's point of error.

We affirm the trial court's judgment.