**Constable Rick RICHARDSON and Deputy Constable Terry Maitland, Appellants,**

v.

**Eddie PARKER, Appellee.**

No. 05–94–01707–CV.

Court of Appeals of Texas, Dallas.

June 6, 1995.

Henry J. Voegtle, III, Asst. Dist. Atty., Dallas, for appellants.

Ralph C. Perry–Miller, Dallas, for appellee.

1. Bracy does not appear to have been a party to this suit.

Before OVARD, BARBER and JAMES, JJ.

## OPINION

BARBER, Justice.

Eddie Parker (appellee) sued Constable Rick Richardson and Deputy Constable Terry Maitland (appellants) for conversion and also sought a declaratory judgment that his landlord's lien was superior to a judgment upon which execution was sought. Appellants moved for summary judgment on the grounds of derivative judicial immunity, official immunity, and immunity pursuant to section 7.003 of the Texas Civil Practice and Remedies Code. They also sought summary judgment on the grounds that appellee had no cause of action for conversion or declaratory judgment. The trial court granted appellants' motion for summary judgment on the conversion claim, and denied it as to the declaratory judgment and their affirmative defenses of immunity. On appeal, appellants challenge the denial of their motion for summary judgment on the basis of immunity and the declaratory judgment action. Appellee cross-appeals, contending the trial court erred in granting summary judgment on his conversion claim.

## FACTUAL AND PROCEDURAL HISTORY

On June 21, 1993, European Color Scan, Inc. (E.C.S.) obtained a judgment against P.D.C., Inc. d/b/a Design Trends Imports (P.D.C.). On April 14, 1994, the trial court issued a writ of execution in favor of E.C.S. The writ was forwarded to the office of the constable of justice precinct 3 of Dallas County. The constable, Richardson, assigned the writ to Deputy Maitland. Maitland was assisted by another deputy, Ross Bracy.[1]

When Maitland attempted to serve the writ of execution, appellee claimed that he had a superior landlord's lien on P.D.C.'s property. Maitland contacted Kevin Ganci, the judgment creditor's attorney, and informed him of the situation. Ganci researched the issue for Maitland, and advised

him regarding his client's position with respect to the claimed landlord's lien. Ganci also invited Maitland to confer with his own legal counsel regarding the lien.

On May 2, 1994, E.C.S. directed Maitland to levy on the writ of execution on May 3, 1994. On May 3, Ganci accompanied Maitland and Bracy to P.D.C.'s premises to levy on the writ. Also present when the deputies levied on the writ was Ralph Perry–Miller, the attorney for appellee and the judgment debtor. After a discussion concerning the landlord's lien, Maitland and Bracy levied on the writ and removed property from P.D.C.'s premises. The deputies finished levying on the writ on May 4. The property was sold on May 15, 1994. Appellee subsequently sued appellants for conversion and sought a declaratory judgment that the landlord's lien was superior to the judgment.

## JURISDICTION

■ Ordinarily, this Court has no jurisdiction to review the denial of a summary judgment. *See Brooks v. Scherler,* 859 S.W.2d 586, 588 (Tex.App.—Houston [14th Dist.] 1993, no writ). However, section 51.014(5) of the Texas Civil Practice and Remedies Code provides for an appeal from the denial of a motion for summary judgment that is based on "an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state." Accordingly, we have jurisdiction to consider appellants' first three points of error considering the trial court's denial of their motion for summary judgment on the bases of derivative judicial immunity, official immunity, and immunity pursuant to section 7.003 of the Texas Civil Practice and Remedies Code.

■ We do not, however, have jurisdiction to consider any points of error not related to the issue of immunity. *See Brooks,* 859 S.W.2d at 588. Appellants concede that due to the limited nature of section 51.014, this Court does not have jurisdiction to consider their fourth and fifth points of error that the trial court erred in denying summary judgment on the bases that appellee failed to establish the existence of a landlord's lien and failed to establish the existence of a cause of action for declaratory judgment.

We also conclude we have no jurisdiction to consider appellee's cross-appeal that the trial court erred in granting summary judgment on the conversion claim. We dismiss appellants' fourth and fifth points of error and appellee's cross-appeal for want of jurisdiction.

## STANDARD OF REVIEW

■ The standards for reviewing motions for summary judgment are well established. *Black v. Victoria Lloyds Ins. Co.,* 797 S.W.2d 20, 23 (Tex.1990). Summary judgment is not intended to deprive litigants of their right to a full hearing on the merits of any real issue of material fact. *Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929, 931 (1952). The purpose of the summary judgment rule is to eliminate patently unmeritorious claims or untenable defenses. *Id.* The trial court's duty is to determine if there are any material fact issues to try, not to weigh the evidence or determine its credibility and try the case on affidavits. *Id.*

■ A movant must show its entitlement to summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of its cause of action or defense as a matter of law. *See Black,* 797 S.W.2d at 27. To show its right to a summary judgment, a defendant must either disprove one or more of the essential elements of the plaintiff's cause of action as a matter of law or establish all elements of its defense as a matter of law. *Id.* Where the summary judgment order does not specify the grounds on which it is based, we will uphold the order on any ground asserted by the movant that is supported by the evidence. *See Rogers v. Ricane Enter., Inc.,* 772 S.W.2d 76, 79 (Tex. 1989). When a motion for summary judgment asserts specific grounds, summary judgment cannot be upheld on grounds which were not asserted, even if the evidence supports the unasserted grounds. *McConnell v. Southside Indep. School Dist.,* 858 S.W.2d 337, 342 (Tex.1993). Where the summary judgment order specifies the grounds on which it bases summary judgment, we limit our review to those grounds. *See Delaney v.*

*University of Houston,* 835 S.W.2d 56, 58 (Tex.1992).

## IMMUNITY

In three points of error, appellants contend the trial court erred in denying their motion for summary judgment on the basis of immunity. Appellants assert they are entitled to derivative judicial immunity, official immunity, and immunity under section 7.003 of the Texas Civil Practice and Remedies Code. Appellee argues that appellants are not entitled to any type of immunity because their summary judgment evidence does not show they acted in good faith or, alternatively, there is a fact question regarding appellants' good faith.

### A.  Applicable Law—Section 7.003

Section 7.003 provides the following:

(a) Except as provided by Section 34.061,[2] an officer is not liable for damages resulting from the execution of a writ issued by a court of this state if the officer:

(1) in good faith executes the writ as provided by law and by the Texas Rules of Civil Procedure; and

(2) uses reasonable diligence in performing his official duties.

Tex.Civ.Prac. & Rem.Code Ann. § 7.003(a) (Vernon 1986) [hereinafter section 7.003].

■■■ In *City of Lancaster v. Chambers,* 883 S.W.2d 650 (Tex.1994), the supreme court defined good faith in the context of official immunity. The court held that an official acts in good faith if a reasonably prudent official, under the same or similar circumstances, would have acted in the same manner. *Id.* at 656. The question is: Could a reasonable official have believed his conduct was lawful in light of clearly established law and the information possessed by the official at the time the conduct occurred? *Id.*

■■■■ To obtain summary judgment, the official need not show that it would have been unreasonable to stop his activity or conduct. *See id.* at 657. Neither need the official show that all reasonably prudent officials would have taken the same course of action. *See id.* To controvert the official's summary judgment proof on good faith, the plaintiff must show that " 'no reasonable person in the defendant's position could have thought the facts were such that they justified the defendant's acts.' " *Id.* (quoting *Post v. City of Fort Lauderdale,* 7 F.3d 1552, 1557 (11th Cir.1993)).

Both official immunity and section 7.003 immunity involve an official's performance of his duties. Further, both types of immunity contain a good faith component. We see no reason to redefine good faith in the context of section 7.003 immunity. We will, therefore, apply the *Chambers* definition of good faith to section 7.003.

### B.  Application of Law to Facts

One of appellants' grounds for summary judgment was that all of their actions were done in a manner complying with section 7.003. Their summary judgment evidence consisted of affidavits by Richardson, Maitland, and Ganci, in addition to various documents relating to the underlying judgment and the writ of execution.

Richardson stated that his affidavit was based upon his personal knowledge. He stated that he is the duly elected and qualified constable for justice precinct 3 of Dallas County. He further stated the following: (1) his office received a writ of execution on April 14, 1994, which was assigned to Maitland; (2) the actions taken by himself and Maitland were pursuant to a facially valid writ; (3) their actions were done reasonably; (4) their actions were taken in a good faith belief that they were proper and within their discretionary duties; and (5) their actions were those that a reasonably prudent officer would have taken.

Maitland stated that his affidavit was based upon his personal knowledge. He stated that he is a duly qualified and appointed deputy constable for the justice precinct 3 of Dallas County. He further stated the following: (1) he was assigned the writ of

---

**2.** Section 34.061 deals with the officer's duty to keep secure all personal property on which he has levied.

execution; (2) he notified Ganci that appellee was attempting to thwart levy of the writ of execution by asserting a superior lien to the property; (3) Ganci subsequently sent Maitland a letter concerning his client's position with respect to the claimed landlord's lien; (4) on May 2, 1994, the judgment creditor directed Maitland to levy on the writ of execution; (5) Ganci and Amy Ganci accompanied Maitland and Bracy on May 3, 1994, to the premises of the judgment debtor; (6) Maitland made a formal demand on the judgment debtor; (7) they waited until the judgment debtor's attorney arrived and then discussed the landlord's lien; (8) the judgment debtor identified property items to be levied upon; (9) the levy was completed on May 4, 1994, and the property was stored in a warehouse until it was sold on May 15, 1994; (10) all of the actions taken by Maitland and Bracy were pursuant to a facially valid writ of execution; (11) their actions were reasonably done; (12) their actions were taken in the good faith belief that they were proper; (13) the actions were within Maitland's discretion; (14) they were not intended to harm appellee or the judgment debtor, but to fulfill the terms of the writ; and (15) the actions of Maitland and Bracy were those that a reasonably prudent officer would have taken under the same or similar circumstances.

■ Summary judgment may be based on uncontroverted testimonial evidence of an interested witness if the evidence is clear, positive, and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted. TEX.R.CIV.P. 166a(c). "[L]egal conclusions and opinions in an affidavit are insufficient to show the existence of a fact to support a motion for summary judgment." *Spencer v. City of Dallas,* 819 S.W.2d 612, 616 (Tex. App.—Dallas 1991, no writ). However, factual statements based upon personal knowledge may be properly considered as summary judgment evidence. *See id.* at 619.

Appellee asserted in his response to appellants' motion for summary judgment that appellants' summary judgment evidence did not show they acted in good faith or, alternatively, there was a fact question regarding appellants' good faith. Appellee argues that

because appellants knew of the existence of the landlord's lien, they could not have acted in good faith.

Appellee argues, in essence, that good faith required appellants to make both factual and legal determinations regarding whether the landlord's lien or the judgment held superior status over the property in question. He asserts that at a minimum, appellants had to obtain an "unbiased" legal opinion concerning the priority of the liens. We disagree.

■ The constables had a duty to levy on the writ of execution and could have been held liable if they failed or refused to levy if the levy could have taken place. *See* TEX. CIV.PRAC. & REM.CODE ANN. § 34.065 (Vernon 1986); *see also Hickey v. Couchman,* 797 S.W.2d 103, 107 (Tex.App.—Corpus Christi 1990, writ denied). The constables were required to levy on the writ of execution that was directed to them by legal authority, whether the property was owned and possessed by the judgment debtor or another, and even though the levy might involve litigation. *Henry S. Miller Co. v. Evans,* 452 S.W.2d 426, 433 (Tex.1970). The constables were not tribunals to determine doubtful questions of fact. *See id.* at 434. Ganci's affidavit is evidence that the issue of priority was disputed. It was not the constables' duty, nor within their authority, to determine which of the competing liens had priority. *See id.; see also NBS Southern, Inc. v. Mail Box, Inc.,* 772 S.W.2d 470, 472 (Tex.App.— Dallas 1989, writ denied).

Appellants' affidavits present facts to show that they were officers acting pursuant to a facially valid writ of execution, that their actions were taken in good faith, and that a reasonably prudent officer under the same or similar circumstances would have taken the same action. *See Chambers,* 883 S.W.2d at 656–57. These affidavits meet the requirements of rule 166a(c). *See Spencer,* 819 S.W.2d at 619. Appellee's response merely contained conclusory statements that appellants could not have been acting in good faith because they knew of the landlord's lien. No affidavits were attached to the response, nor did appellee present any evidence to either show that no reasonably prudent officer

would have taken the same action, or that there was a fact question as to whether any reasonably prudent officer would have taken the same action.

Accordingly, we conclude that appellants have met their summary judgment burden and proved there was no genuine issue of material fact regarding their right to immunity under section 7.003. Appellants established their right to judgment as a matter of law. We sustain appellants' third point of error.

## CONCLUSION

We reverse the trial court's order denying appellants summary judgment on the basis of immunity. We render judgment that appellants are entitled to immunity under section 7.003 of the Texas Civil Practice and Remedies Code and that appellee take nothing in his suit against appellants. Because of our disposition of appellants' third point of error, we need not address appellants' first and second points of error. We dismiss appellants' fourth and fifth points of error and appellee's cross-appeal for lack of jurisdiction.