NO. 12-03-00205-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
BOBBY BALL AND TAMMY BALL,               §                 APPEAL FROM THE 173RD
APPELLANTS

 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

JOHN T. NEEL, PEGGY JANE NEEL,
FRANKIE JANE NEEL-CLARK, SUE
TARRANT AND JOHN FLOYD,
APPELLEES                                                      §                 HENDERSON COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Bobby Ball and Tammy Ball appeal the trial court’s order granting summary judgment in
favor of Sue Tarrant and John Floyd. The Balls raise one issue on appeal. We affirm.
 
Background
            On July 3, 2001, the heirs of W.T. Neel, John T. Neel, Peggy Jane Neel, and Frankie Jane
Neel-Clark filed a forcible entry and detainer suit in justice court against the Balls. In their
pleadings, the Neels alleged that the Balls had “acquired possession of a home and property under
a contract for deed[,] which is radically in default with more than eight (8) months in arrears.” On
July 31, 2001, Justice of the Peace Sue Tarrant signed a judgment in favor of the Neels. No appeal
was taken from this judgment.
            Thereafter, the Balls filed suit in district court against John T. Neel, Peggy Jane Neel, Frankie
Jane Neel-Clark, Judge Tarrant, and John Floyd, the constable who executed the writ of possession
on the Balls, seeking, among other things, a declaratory judgment. Judge Tarrant and Constable
Floyd answered, and alleged the affirmative defense of immunity. Subsequently, Judge Tarrant and
Constable Floyd filed a motion for summary judgment based on their respective claims of immunity. 
The Balls subsequently amended their pleadings. In their amended pleadings, the Balls deleted their
request for a declaratory judgment. The trial court granted Judge Tarrant and Constable Floyd’s
motion for summary judgment on May 21, 2003. The trial court later severed the Balls’ cause of
action against Judge Tarrant and Constable Floyd from their suit against the remaining parties. This
appeal followed.
 
Judicial and Official Immunity
            In their sole issue, the Balls argue that the trial court erred in granting summary judgment as
to Judge Tarrant’s and Constable Floyd’s claims of immunity. 
Standard of Review 
            In reviewing a 166a(c) motion for summary judgment, this court must apply the standards
established in Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548–49 (Tex. 1985), which are
 
              1.           The movant for summary judgment has the burden of showing that there is no
genuine issue of material fact and that it is entitled to judgment as a matter of law;
              2.           In deciding whether there is a disputed material fact issue precluding summary
judgment, evidence favorable to the nonmovant will be taken as true;
              3.           Every reasonable inference must be indulged in favor of the nonmovant and any
doubts resolved in its favor.


See id. at 548–49. For a party to prevail on a motion for summary judgment, he must conclusively
establish the absence of any genuine question of material fact and that he is entitled to judgment as
a matter of law. Tex. R. Civ. P. 166a(c). A movant must either negate at least one essential element
of the nonmovant's cause of action, or prove all essential elements of an affirmative defense. See
Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995); see also MMP, Ltd.
v. Jones, 710 S.W.2d 59, 60 (Tex. 1986). Since the burden of proof is on the movant, and all doubts
about the existence of a genuine issue of a material fact are resolved against the movant, we must
view the evidence and its reasonable inferences in the light most favorable to the nonmovant. See
Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965). 
We are not required to ascertain the credibility of affiants or to determine the weight of evidence in
the affidavits, depositions, exhibits, and other summary judgment proof. See Gulbenkian v. Penn,
252 S.W.2d 929, 932 (Tex. 1952). The only question is whether or not an issue of material fact is
presented. See Tex. R. Civ. P. 166a(c).
            Once the movant has established a right to summary judgment, the nonmovant has the burden
to respond to the motion for summary judgment and present to the trial court any issues that would
preclude summary judgment. See, e.g., City of Houston v. Clear Creek Basin Auth., 589 S.W.2d
671, 678-79 (Tex. 1979). All theories in support of or in opposition to a motion for summary
judgment must be presented in writing to the trial court. See Tex. R. Civ. P. 166a(c).
Judicial Immunity
            Judges are afforded absolute immunity from liability for judicial acts that are not performed
in the clear absence of all jurisdiction, no matter how erroneous the act or how evil the motive. See
Dallas County v. Halsey, 87 S.W.3d 552, 554 (Tex. 2002); Turner v. Pruitt, 342 S.W.2d 422, 423
(Tex. 1961). Justices of the peace enjoy the same immunity from tort liability as district judges when
acting in the course of judicial proceedings. See Turner, 342 S.W.2d at 423. As a justice of the
peace, Judge Tarrant had jurisdiction to preside over a forcible entry and detainer suit.        
            The Balls argue that Judge Tarrant did not have jurisdiction to adjudicate title. We agree. 
However, in the Judge Tarrant’s July 31, 2001 judgment, she did not adjudicate title. Rather, the
judgment signed by Judge Tarrant states,
 
It is the opinion of the Court that the Plaintiff should have possession of the premises described in the
Plaintiff’s complaint . . . 
 
It is THEREFORE ORDERED, ADJUDGED AND DECREED that the said Plaintiff, have restitution
of said premises, for which let Writ of Possession issue . . . 


Furthermore, the plaintiffs’ petition in the justice court seeks possession of the property rather than
an adjudication of title. See Erisman v. Thompson, 167 S.W.2d 731, 733 (Tex. 1943) (pleadings
define the lawsuit and determine the issues for trial). As such, we conclude that the justice court had
jurisdiction over the Neels’ suit for forcible entry and detainer and did not adjudicate title to the
subject property. 
            The Balls’ live pleadings set forth that Judge Tarrant was Justice of the Peace Precinct 4 of
Henderson County, Texas and that she signed the judgment at issue in the instant case. The Balls’
live pleadings make reference to the judgment at issue and state that it is attached as an exhibit to
their original petition. When a party’s pleadings contain statements admitting facts or conclusions
directly contrary to the party’s theory of recovery or defense, the pleadings may constitute summary
judgment proof for the opposing party. See Lyons v. Lindsey Morden Claims Mgmt., Inc., 985
S.W.2d 86, 92 (Tex. App.–El Paso 1998, no pet.); Brooks v. Center for Healthcare Servs., 981
S.W.2d 279, 283 (Tex. App.–San Antonio 1998, no pet.). Although not evidence, when the motion
for summary judgment is based on the nonmovant’s pleadings, the court assumes the facts in the
nonmovant’s pleadings are true. See, e.g., Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex.
1994). Thus, we hold that the trial court did not err in granting summary judgment in favor of Judge
Tarrant based on the affirmative defense of judicial immunity.
Official Immunity
            An officer is generally not liable for damages resulting from the execution of a writ issued
by a Texas court if the officer in good faith executes the writ as provided by law and uses reasonable
diligence in performing his official duties. See Tex. Prac. & Rem. Code Ann. § 7.003 (Vernon
2002); Chambers v. Hornsby, 21 S.W.3d 446, 448–49 (Tex. App.–Houston [14th Dist.] 2000, no
pet.). An officer acts in good faith if a reasonably prudent officer, under the same or similar
circumstances, would have acted in the same manner. See Richardson v. Parker, 903 S.W. 2d 801,
804 (Tex. App.–Dallas 1995, no writ).
            Here, the Balls’ live pleadings set forth that Constable Floyd executed the writ of possession
pursuant to Judge Tarrant’s order. An officer who executes a facially valid writ acts in good faith
even when he is aware that there is a legal dispute over the matter. See Richardson, 903 S.W.2d at
805. The constable is not a tribunal to determine doubtful questions of fact. Id. Since Constable
Floyd executed the writ of possession pursuant to a valid judgment, we hold that he is entitled to
official immunity. See Tex. Prac. & Rem. Code Ann. § 7.003; Chambers, 21 S.W.3d at 448–49. 
The Balls’ sole issue is overruled.
 
Conclusion
Having overruled the Balls’ sole issue, we affirm the trial court’s judgment.
 
 
                                                                                                    DIANE DEVASTO 
                                                                                                                 Justice
 
 
Opinion delivered June 30, 2004.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.




























(PUBLISH)