# Court of Appeals
## Tenth Appellate District of Texas

10-25-00033-CV

Big Creek Construction, Ltd.,
Appellant

v.

Marco and Marina Sustaita, Nyssa Johnson, Individually and as Heir to
the Estate of Darren Johnson, Deceased, and Shaquille D. Johnson,
Individually and as Wrongful Death Beneficiary and on behalf of the
Estate of Darren D. Johnson, Deceased,
Appellees

On appeal from the
278th District Court of Madison County, Texas
Judge Tracy Sorenson, presiding
Trial Court Cause No. 23-17611

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

In this accelerated interlocutory appeal, Big Creek Construction, Ltd., a

defendant in the underlying wrongful death/personal injury lawsuit, appeals

from the trial court's denial of its no evidence and traditional motion for

summary judgment.[1] Appellees are plaintiffs Marco and Marina Sustaita, and intervenors Nyssa Johnson, individually and as heir to the Estate of Darren Johnson, deceased, and Shaquille D. Johnson, individually and as wrongful death beneficiary and on behalf of the Estate of Darren D. Johnson, deceased. In two issues, Big Creek contends the trial court erred in denying its motion for summary judgment because it conclusively established its statutory immunity defense and erred in denying its objections to the affidavit of Appellees' expert. We affirm.

## BACKGROUND

In 2022, Big Creek contracted with the Texas Department of Transportation (TxDOT) to perform road improvements on Highway 75 at its intersection with Spur 67 in Madison County. On June 6, 2023, an accident occurred at that intersection resulting in the death of Darren D. Johnson and causing Marco Sustaita to sustain personal injuries. At the time of the accident, no work was being done on the roadway. Big Creek's subcontractor, J&M Contracting Company, was performing concrete and culvert work next to Highway 75. Shortly after the accident, the Sustaitas sued Big Creek, J&M, and others for negligence and gross negligence. Intervenors also asserted causes of action for negligence and gross negligence against Big Creek and

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(17).

J&M.[2]  On July 1, 2024, Big Creek filed its "No-Evidence and Traditional Motion for Summary Judgment as to All Claims Asserted by Plaintiffs and Intervenors" along with its summary judgment evidence.  In the traditional portion of the motion, Big Creek asserted the affirmative defense of statutory immunity pursuant to Texas Civil Practice and Remedies Code Annotated Section 97.002.[3]  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 97.002.  As required in order to claim immunity, Big Creek asserted that it had set up the required traffic control plan at the location of the accident and was thus in compliance with the TxDOT contract.  A few months later, Big Creek filed a supplement to its motion, accompanied by additional evidence.  After Appellees filed their response, the trial court denied Big Creek's motion in its entirety.  Big Creek filed this interlocutory appeal requesting this Court render summary judgment in its favor on its statutory immunity defense.

## AFFIRMATIVE DEFENSE OF SOVEREIGN IMMUNITY

In its first issue, Big Creek asserts entitlement to summary judgment based on its statutory immunity defense.  Appellees contended in their pleadings that Big Creek failed to have "warnings, signage and personnel" to

---

[2] The plaintiffs and intervenors raised additional causes of action against other defendants not pertinent to this appeal.

[3] Big Creek included other arguments in its motion.  However, due to the limited nature of Section 51.014 governing interlocutory appeals, we have jurisdiction to review the issue of immunity only.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(17); *Richardson v. Parker*, 903 S.W.2d 801, 803 (Tex. App.—Dallas 1995, no writ).

direct traffic and alert the traveling public of the construction activity at the intersection of Highway 75 and Spur 67. Big Creek contends that it presented conclusive evidence of compliance with the TxDOT contract as to the traffic control plan required for J&M's workspace off the roadway at the time of the accident. Further, it argues, compliance with contract terms material to the condition alleged to be the proximate cause of Appellees' damages entitles Big Creek to immunity.

Appellees contend that Big Creek failed to adhere to its contractual requirements by failing to place channeling devices and warning signs, and failing to close one lane and use one lane with two-way operation controlled by a pilot car and flagger. Thus, Appellees argue that Big Creek is not entitled to immunity.

**Standard of Review**

We review the trial court's decision on a motion for summary judgment de novo. *Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 705 (Tex. 2021). The movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact, and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Eagle Oil & Gas Co.*, 619 S.W.3d at 705. We review summary judgment evidence "in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence

favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *B.C. v. Steak N Shake Operations, Inc.*, 512 S.W.3d 276, 279 (Tex. 2017). We indulge every reasonable inference in favor of the nonmovant and resolve any doubts in his favor. *Eagle Oil & Gas Co.*, 619 S.W.3d at 705. We consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam).

A defendant who conclusively negates at least one of the essential elements of the cause of action or conclusively establishes an affirmative defense is entitled to summary judgment. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010). Once the movant establishes its right to summary judgment as a matter of law, the burden shifts to the nonmovant to present evidence sufficient to raise a genuine issue of material fact, thereby precluding summary judgment. *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018).

**Applicable Law**

The legislature has limited the liability of contractors providing services for a governmental unit:

> A contractor who constructs or repairs a highway, road, or street for the Texas Department of Transportation is not liable to a claimant for personal injury, property damage, or death arising from the

performance of the construction or repair if, at the time of the personal injury, property damage, or death, the contractor is in compliance with contract documents material to the condition or defect that was the proximate cause of the personal injury, property damage, or death.

*See* TEX. CIV. PRAC. & REM. CODE ANN. § 97.002.

To determine whether the contractor is in compliance with the contract, the court must first determine the meaning of the contract. The goal of contract construction is to ascertain the parties' intent as expressed in the language of the agreement. *Great Am. Ins. Co. v. Primo*, 512 S.W.3d 890, 892 (Tex. 2017). Every contract should be interpreted as a whole and in accordance with the plain meaning of its terms. *See Nat'l Union Fire Ins. Co. v. Crocker*, 246 S.W.3d 603, 606 (Tex. 2008). We assign terms their ordinary and generally accepted meaning unless the contract directs otherwise. *Id.* We examine the entire agreement and seek to harmonize and give effect to all provisions so that none will be meaningless. *Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 126 (Tex. 2010).

If, after the pertinent rules of construction are applied, the contract can be given a definite or certain legal meaning, it is unambiguous and courts should construe it as a matter of law. *Frost Nat'l Bank v. L&F Distribs., Ltd.*, 165 S.W.3d 310, 312 (Tex. 2005) (per curiam). Conversely, if a contract is susceptible to more than one reasonable interpretation, it is ambiguous. *Id.*

To determine if a contract is ambiguous, the court looks at the contract as a whole in light of the circumstances existing at the time the contract was entered into. *Reilly v. Rangers Mgmt., Inc.*, 727 S.W.2d 527, 529 (Tex. 1987). A court may conclude a contract is ambiguous even in the absence of such a pleading by either party. *Sage St. Assocs. v. Northdale Constr. Co.*, 863 S.W.2d 438, 445 (Tex. 1993). When a contract contains an ambiguity, granting summary judgment based on the contract is improper because the interpretation of the instrument is an issue of fact. *Coker v. Coker*, 650 S.W.2d 391, 394 (Tex. 1983).

**Analysis**

Before considering the question of whether Big Creek implemented the correct traffic control plan on the day of the accident, and was therefore in compliance with the contract, we must determine which traffic control plan the contract required. Appellees assert that the contract required a traffic control plan involving closing one lane and using a pilot car and flagger to direct two-way traffic on one lane of the highway. Big Creek contends that traffic control plan did not apply because J&M was working next to the highway, not on the roadway.

The contract spans almost 500 pages. In addition to the plans for the proposed improvements on Highway 75, it contains hundreds of pages of

separate documents, many of which appear to be standard forms created by TxDOT for use in any contract, as applicable. Topics include, for example, terms, technical requirements for building roads, estimates, quantities, description of work phases, construction notes, numerous diagrams which are labelled with sheet numbers, including several pages of various traffic control plans, guidance for use of work zone speed limit signs, instructions for pavement markings, special provisions, and erosion and pollution control measures.

Almost 200 pages in, is a page containing the engineer's seal. On that page is the declaration that: "The enclosed Texas Department of Transportation Specifications, Special Specifications, Special Provisions, General Notes and Specification Data in this document have been selected by me, or andor (sic) my responsible supervision as being applicable to this project." It is signed by Jean J. Feng, P.E. This is followed by a list of all the items and special provisions that are included. The list is followed by several special provisions, specifications, and certifications, such as a conflict-of-interest certification and an e-verify certification. Also included are instructions to bidders, information on types of material to be used, testing of that material, and payment for that material. 465 pages after the title page of

the contract is a page entitled "Construction Contract" followed by a list of items and their costs, and then a signature page.

The contract contains a "TCP Narrative" for Highway 75 and another for US 287, as well as at least eleven separate sheets labelled "Traffic Control Plan." These sheets contain diagrams indicating required traffic control plans to be used in various situations and are designated "Traffic Operations Division Standards."

There is no dispute that, at the time of the accident, J&M personnel were working on culverts fourteen feet away from Highway 75 and not on any part of the roadway. Their traffic control consisted of signs, a crash attenuator truck with flashing lights, and cones placed next to the road, while both lanes of traffic remained open.

Sheet 31, the "TCP Narrative" for State Highway 75, entitled "Sequence of Work," indicates there are four phases to this project. Phase I involves work on the culvert and provides: "Extend culvert at one side of roadway per sequence of work. Use one lane with two-way operations controlled by pilot car and flagger per TXDOT standards." Sheet 32, a diagram of culvert extensions, shows a traffic cone drawn on the center line separating the two lanes of traffic. A reasonable interpretation of Sheets 31 and 32, as asserted by Appellees, is that, when working on culverts, the contractor is required to

use a traffic control plan calling for use of one lane with two-way operations controlled by a pilot car and flagger.

Big Creek argues that, although Sheet 31 references use of one lane with two-lane operations, in the same sentence it also refers to "TXDOT standards" which are found in Sheets 46 through 49. Each of these sheets is designated "Traffic Operations Division Standards." Big Creek contends that the reference to the standards requires contractors to consult Sheets 46 through 49 to determine the applicable traffic control plan depending on the situation. Specifically, Big Creek argues that, in this instance, Sheet 31's directive to apply a traffic control plan "per TXDOT standards" refers to Sheet 48, which does not require use of one lane with two-way operations when the work is off the roadway. Instead, Sheet 48 requires signs and cones next to the roadway when work is being done near the shoulder. We agree with Big Creek that a reasonable interpretation of the contract is that Sheet 31 refers the contractor to the applicable standards found in Sheets 46 through 49 and that lane closures using one lane with two-way operations controlled by a pilot car and flagger were not required while J&M worked on culverts.

Because the contract is susceptible to more than one reasonable interpretation, it is ambiguous. *See L&F Distribs., Ltd.*, 165 S.W.3d at 312. Summary judgment is improper when the contract contains an ambiguity

because the interpretation of the instrument is a question of fact. *See Coker*, 650 S.W.2d at 394. Accordingly, Big Creek did not meet its burden to show compliance with the contract, establish its affirmative defense of immunity, or show entitlement to summary judgment as a matter of law. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 97.002; *Frost Nat'l Bank*, 315 S.W.3d at 508.

The trial court did not err in denying Big Creek's motion for summary judgment on its claim for statutory immunity. We overrule Big Creek's first issue. Because Big Creek's first issue is dispositive, we need not reach its remaining issue. *See* TEX. R. APP. P. 47.1.

## CONCLUSION

Big Creek did not meet its burden to prove its entitlement to the affirmative defense of immunity. We therefore affirm the trial court's judgment.

_____
STEVE SMITH
Justice

OPINION DELIVERED and FILED: July 31, 2025

Before Chief Justice Johnson,
     Justice Smith, and
     Justice Harris
Affirmed
CV06

